# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2129

_____

Michael P. O'Neill,                          *
                                             *
            Appellant,                       *
                                             *    Appeal from the United States
    v.                                       *    District Court for the Western
                                             *    District of Missouri.
Ellen Suni, Associate Dean; Jeffery          *
Berman, Interim Dean/Associate Dean;         *         [UNPUBLISHED]
University of Missouri at Kansas City         *
School of Law,                               *
                                             *
            Appellees.                       *

_____

Submitted:  October 7, 2002
    Filed:  November 13, 2002

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MELLOY, Circuit
    Judges.

_____

PER CURIAM.

Michael O'Neill appeals the district court's[1] dismissal of his 42 U.S.C. § 1983
action alleging discrimination by the University of Missouri Kansas City School of
Law (University) and two of its deans, as well as the court's denial of his motion for

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western
District of Missouri.

leave to amend his complaint. Having reviewed the record de novo, see Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995), we affirm.

We agree with the district court that the Eleventh Amendment bars O'Neill's section 1983 claim against the University and its deans in their official capacities, see Quern v. Jordan, 440 U.S. 332, 345 (1979) (§ 1983 does not contain clear legislative statement abrogating states' immunity under Eleventh Amendment), and that O'Neill cannot bring a section 1983 action to recover for violations of the Americans with Disabilities Act (ADA) and the Rehabilitation Act, see Alsbrook v. City of Maumelle, 184 F.3d 999, 1011 (8th Cir. 1999), cert. granted, 528 U.S. 1146 (2000), and cert. dismissed, 529 U.S. 1001 (2000) (comprehensive remedial provisions of ADA indicate Congress did not intend violations of Act to be actionable under § 1983). Also, we agree that O'Neill's first amended complaint failed to allege facts sufficient to state a section 1983 equal-protection claim against the deans in their individual capacities. See Frey, 44 F.3d at 672 (complaint properly dismissed where "it is entirely conclusory, giving no idea what acts the individual defendants are accused of that could result in liability"). Finally, we conclude the district court did not abuse its discretion in denying leave to file a second amended complaint because O'Neill, who was previously warned by the district court and defendants about the insufficiency of his complaint, did not seek such leave until after his complaint was dismissed. See In re NationsMart Corp. Sec. Litig., 130 F.3d 309, 322-23 (8th Cir. 1997), cert. denied, 524 U.S. 927 (1998) (even though district court, in its discretion, may still grant leave to amend after it dismisses complaint, unexcused delay by plaintiff in seeking to amend is sufficient to justify court's denial).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.